IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01580-WYD-PAC

RONALD JESKE,

    Plaintiff,

v.

WATERWORKS SALES COMPANY, a Colorado corporation,

    Defendant.

---

## ORDER DIRECTING REMAND

---

THIS MATTER is before the Court on Plaintiff's Motion to Remand Case, filed August 30, 2005.  Contemporaneously with Plaintiff's Motion to Remand, Plaintiff filed an Amended Complaint, alleging two claims.  These include a claim of age discrimination under COLO. REV. STAT. § 24-34-402 *et seq.* and a claim of promissory estoppel.  Plaintiff's original Complaint contained claims of age discrimination under both the relevant Colorado statute and 29 U.S.C.A. § 621 *et seq.*, a claim of misrepresentation and fraud in the inducement, and a claim of promissory estoppel.  Defendant sought to remove Plaintiff's claims on the basis of 28 U.S.C. § 1331, which gives the Court original jurisdiction over those actions arising under the Constitution, laws, or treaties of the United States, and under 28 U.S.C. § 1332 on the basis of diversity of citizenship and an amount in controversy exceeding $75,000.  *See* Am. Notice of Removal.  Plaintiff seeks to remand his case back to the state court, on the basis that there is no longer a federal question and that the amount in controversy does

not exceed $75,000.  Defendant did not file a response to Plaintiff's Motion to Remand.

I find that this Court lacks original jurisdiction under 28 U.S.C. § 1441(a) and that this action should be remanded to the District Court, County of Denver, State of Colorado.  First, Plaintiff's claims arise only under Colorado law–not federal law–and, thus, jurisdiction is not appropriate under 28 U.S.C. § 1331.  Further, jurisdiction is not appropriate under 28 U.S.C. § 1332, because while there may be diversity of citizenship between the parties, the amount in controversy does not exceed $75,000.  "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citing *Lonnquist v. J.C. Penny Co.*, 421 F.2d 597, 599 (10th Cir. 1970)).  In this case, the Amended Complaint specifically requests "damages that do not exceed the Federal jurisdictional limit."  Pl.'s Am. Compl. at 2, ¶¶ 14, 19.  In Defendant's Answer and Defenses to Amended Complaint, it admits this as to both Plaintiff's claims, stating, "Defendant denies that Plaintiff has any damages, but admits that, to the extend Plaintiff asserts he has damages, such damages do not exceed the Federal jurisdictional limit."  Def.'s Answer and Defenses to Am. Compl. at 2, ¶ 14 and 3, ¶ 19.  Because the Amended Complaint does not seek an amount exceeding $75,000, diversity of citizenship jurisdiction does not exist. Accordingly, it is     ORDERED that this matter be **REMANDED** to the District Court, County of Denver, State of Colorado.

Dated:  October 13, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge